Case 13-02083   Filed 05/03/13   Doc 10

David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

Ethan Preston (263295)
PRESTON LAW OFFICES
8245 North 85th Way
Scottsdale, Arizona 85259
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiff Mary Abdallah*

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF CALIFORNIA (SACRAMENTO DIVISION)

| | |
|---|---|
| In re PATTI L GRANGER,<br><br>　　　　　Debtor, | No. 11-31394<br><br>Chapter 7<br><br>Judge Robert S. Bardwil<br><br>Adversary Proceeding No. 13-02083 |
| MARY ABDALLAH, an individual, on her own behalf and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>PATTI GRANGER and DOES 1 to 100<br><br>　　　　　Defendants. | **PLAINTIFF MARY ABDALLAH'S SEPARATE DISCOVERY PLAN** |

# PLAINTIFF MARY ABDALLAH'S DISCOVERY PLAN

Pursuant to the Court's March 12, 2013 case management order (ECF No. 5), Plaintiff Mary Abdallah ("Abdallah") hereby submits her discovery plan.

## I. Introduction

**Defendant Was Unavailable to Sign a Joint Discovery Plan:** The Court's March 12 case management order set deadlines for serving the order on Defendant and filing a joint discovery plan. (ECF No. 5.) Consistent with the order, Abdallah served Defendant Patti L Granger ("Granger" or "Defendant") with a copy of the summons, complaint, and the Court's initial case management order by mail on March 18. *Cf.* Fed. R. Bank. P. 7004(b)(1). On April 4, Abdallah again mailed Granger the complaint and the Court's order, together with a request for waiver of service under Rule 4(d). Abdallah's request for waiver of service states that if Granger executed and returned the waiver of service by May 4, Abdallah would not seek entry of default against Granger until June 4. Granger's counsel entered an appearance on April 12.

On April 24, counsel for the parties held a Rule 26(f) conference. In the Rule 26(f) conference, Abdallah agreed to prepare the initial draft of the joint discovery plan. On April 30, Abdallah sent a draft of this plan to Granger. On May 1 and 2, Abdallah emailed reminders that the order set a May 2 deadline to file a discovery plan. Abdallah has not received any reply to those emails. Naturally, Abdallah will endeavor to file an amended joint discovery plan if the parties touch base before the May 16 conference with the Court.

**Abdallah's Complaint:** Abdallah filed her complaint on March 12, 2013. Abdallah's substantive state law claims allege a class action under the unfair competition act (Cal. Bus. & Prof. § 17200), asserting that the sales practices of Defendant's business were misleading because they caused reasonable consumers to believe that Defendant's business selected its customers on the basis of their capacity to succeed in the entertainment industry, rather than their ability to pay.

1  The complaint seeks restitution and injunctive relief under Business & Professions
2  Code § 17203, and the costs of the action (including attorneys' fees) under Code of
3  Civil Procedure section 1021.5. Abdallah also seeks to exclude the foregoing class
4  claims from Defendant's discharge under 11 U.S.C. § 523(a)(3)(B).

5  **The Factual Disputes in this Case:** Granger has asserted that although she
6  did own a Barbizon franchise (Barbizon of Sacramento ("Barbizon Sacramento")),
7  Abdallah signed her contract with another Barbizon franchise (Barbizon of San
8  Francisco ("Barbizon SF")) which took over Barbizon Sacramento after it went out
9  of business. Abdallah asserts that the facts are not quite so straightforward: she
10 signed her contract in an office at 701 Howe Avenue (Barbizon Sacramento's
11 address), and Granger's bankruptcy schedules indicate her current employer is
12 Barbizon SF. Granger asserts that she is simply a Barbizon SF employee (and not,
13 for instance, the manager of Barbizon SF's Sacramento office) and that Barbizon
14 SF operated the 701 Howe Avenue address as its Sacramento office once it took
15 over Barbizon Sacramento. Abdallah has recently served discovery to determine
16 (1) whether Defendant in fact managed or controlled Barbizon SF's Sacramento
17 office and (2) whether the marketing policies and practices giving rise to
18 Abdallah's claims were simply executed by Barbizon SF's Sacramento office but
19 were formulated and put in place by Granger.

20 **II.  The Parties' Discovery Plan**

21     At least initially, discovery will focus on the foregoing factual dispute over
22 Defendants' role in Barbizon Sacramento and Barbizon SF. If evidence supports
23 Defendants' position, Abdallah can probably dismiss her claims voluntarily.
24 Abdallah can pursue any claims against third parties in a different venue.

25     **A.  Settlement**

26     The Court's case management order directs the parties to discuss settlement.
27 (ECF No. 5.) Initial discovery will be directed at assessing Defendant's assertions.
28 If the evidence supports these assertions, Abdallah is inclined to dismiss her claims

against Defendant voluntarily.

### B. Initial Disclosures

Rule 26(f) requires the parties' discovery plan to address "changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made." Fed. R. Civ. P. 26(f)(3)(A). Abdallah asserts that the default application of Rule 26(a)(1) is appropriate, and will make Rule 26(a)(1) disclosures imminently.

### C. Matters Requiring Discovery

Rule 26(f) requires the parties' discovery plan to address "the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues." Fed. R. Civ. P. 26(f)(3)(B). Abdallah believes the Federal Rules' default provisions for discovery are appropriate at this time, and does not believe bifurcation or other limitations are appropriate. Abdallah has every incentive to make discovery into Defendant's liability as efficient as possible.

As stated above, Abdallah will dismiss her claims if initial discovery supports Defendant's assertions. However, before dismissal, Abdallah needs to take additional discovery to prevent other defendants using an "empty chair" defense later on by claiming that Defendant is mostly or solely responsible for the acts giving rise to Abdallah's claims. The strategic need to rebut an "empty chair" defense is particularly keen here, because Defendant appears to be the only person connected with Barbizon who has been discharged in bankruptcy.

### D. Electronically Stored Information

Rule 26(f) requires the parties' discovery plan to address "issues about disclosure or discovery of electronically stored information." Fed. R. Civ. P. 26(f)(3)(C). Defendant has represented that she is not technically savvy, did not typically use computers or electronic documents to conduct business, and therefore has no relevant electronic documents in her possession, custody, or control. While

Defendant has a personal computer, she represents that (1) the personal computer was never (or almost never) used to conduct personal business and (2) she did not use any other computers to conduct business for Barbizon Sacramento or Barbizon SF (except for her cellular telephone). Abdallah sought to negotiate a search of Defendant's computer for relevant documents in a manner that would shift Defendant's costs of discovery compliance to Abdallah (but would provide Abdallah with more confidence that she had received a complete production). Based on Defendant's foregoing representations, however, the parties' discussion about electronically stored information was cursory, because Abdallah's discovery is necessarily directed primarily at third parties.

### E. Privilege Issues

Rule 26(f) requires the parties' discovery plan to address "claims of privilege or of protection as trial-preparation materials." Fed. R. Civ. P. 26(f)(3)(D). Abdallah's search proposal would have addressed any issues about the costs of privilege review. Again, Defendant has represented that she has very few relevant documents. Based on this representation, the parties' discussion about privilege review was cursory, because Defendant contended she does not have sufficient documents to raise any significant privilege review issues.

### E. Limitations on Discovery

Rule 26(f) requires the parties' discovery plan to address "what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed[.]" Fed. R. Civ. P. 26(f)(3)(E). Abdallah believes the Federal Rules' default provisions for discovery are appropriate at this time. Abdallah reserves the right to seek additional interrogatories under Rule 33(a) and depositions under Rule 30(a) if complications arise because the information exchanged during the parties' Rule 26(f) conference was incomplete or inaccurate.

### F. Miscellaneous Matters

Rule 26(f) requires the parties' discovery plan to address "any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)." Fed. R. Civ. P. 26(f)(3)(F). Abdallah has not identified any such orders at this time.

Dated: May 3, 2013          By: [signature]

David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

Ethan Preston (263295)
PRESTON LAW OFFICES
8245 North 85th Way
Scottsdale, Arizona 85259
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiff Mary Abdallah*

Case 13-02083    Filed 05/03/13    Doc 10

David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

Ethan Preston (263295)
PRESTON LAW OFFICES
8245 North 85th Way
Scottsdale, Arizona 85259
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiff Mary Abdallah*

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF CALIFORNIA (SACRAMENTO DIVISION)

| | |
|---|---|
| In re PATTI L GRANGER,<br><br>　　　　　Debtor, | No. 11-31394<br><br>Chapter 7<br><br>Judge Robert S. Bardwil<br><br>Adversary Proceeding No. 13-02083 |
| MARY ABDALLAH, an individual, on her own behalf and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PATTI GRANGER and DOES 1 to 100<br><br>　　　　　Defendants. | **CERTIFICATE OF SERVICE** |

Certificate of Service                                                                                               No. 13-02083

# CERTIFICATE OF SERVICE

Pursuant to 28 U.S.C. § 1746, I hereby certify that a copy of the foregoing discovery plan was this date served upon the parties below by causing a copy of foregoing documents to be placed in the United States first class mail, postage prepaid, and sent to their last known address as below:

       Daniel S. Weiss
       2020 Hurley Way, Suite 210
       Sacramento, California 95825

*Attorney for Defendant Patti L Granger*

Dated: May 3, 2013      By: _____
                                   David C. Parisi (162248)
                                   Suzanne Havens Beckman (188814)
                                   PARISI & HAVENS LLP
                                   15233 Valleyheart Drive
                                   Sherman Oaks, California 91403
                                   (818) 990-1299 (telephone)
                                   (818) 501-7852 (facsimile)
                                   dcparisi@parisihavens.com
                                   shavens@parisihavens.com

                                   Ethan Preston (263295)
                                   PRESTON LAW OFFICES
                                   8245 North 85th Way
                                   Scottsdale, Arizona 85259
                                   (480) 269-9540 (telephone)
                                   (866) 509-1197 (facsimile)
                                   ep@eplaw.us

*Attorneys for Plaintiff Mary Abdallah*